**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THERESA SWEET; CHENELLE ARCHIBALD; DANIEL DEEGAN; SAMUEL HOOD; TRESA APODACA; ALICIA DAVIS; JESSICA JACOBSON, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs - Appellees,<br><br> v.<br><br>LINDA MCMAHON, Secretary of the United States Department of Education; UNITED STATES DEPARTMENT OF EDUCATION,<br><br>   Defendants - Appellants. | No. 26-1136<br><br>D.C. No. 4:19-cv-03674-HSG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted July 17, 2026**
San Francisco, California

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). The panel previously heard argument in this case on March 20, 2026, regarding the government's motion for a stay pending appeal, which raised substantially the same issues and arguments.

Before: WARDLAW, OWENS, and BRESS, Circuit Judges.

The Department of Education ("DOE") appeals the district court's denial of its motion for relief under Federal Rule of Civil Procedure Rule 60(b). We have jurisdiction under 28 U.S.C. § 1291. We will reverse the district court's denial of a Rule 60(b) motion "only upon a clear showing of abuse of discretion." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (citation and quotation marks omitted). If the district court identified the correct legal standard, it abuses its discretion only if its findings of fact "were illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009) (en banc). The parties are familiar with the facts and procedural history of this case, so we recite only the facts necessary to decide this appeal.[1] We affirm.

1. The district court did not abuse its discretion in denying the DOE's motion to modify its settlement agreement, which was incorporated into a final judgment (the "Settlement"), under Rule 60(b)(5). Under Rule 60(b)(5), a court may relieve a party from a final judgment if "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Rule 60(b)(5) "provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant

---

[1] The panel's prior order regarding the DOE's emergency motion for a stay pending appeal, Dkt. 21, provides further background to the case.

change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). "The party seeking relief bears the burden of establishing that changed circumstances warrant relief." *Id.* If the moving party makes this showing, we consider "whether the proposed modification is suitably tailored to the changed circumstance." *Rufo*, 502 U.S. at 383.

The DOE failed to show "a significant change either in factual conditions or in law" that would warrant modification of the Settlement. *Id. First*, the DOE argues that "the unexpectedly large number of [P]ost-[C]lass [A]pplications"—applications received *after* the execution of the Settlement (June 23, 2022), but *before* the date of the Settlement's final approval (November 16, 2022)—constituted a "changed circumstance." However, the DOE knew that there were approximately 179,000 Post-Class Applicants when it jointly moved with Plaintiffs for final approval of the Settlement in September 2022, and it knew the total number of Post-Class Applicants at the time the district court entered final judgment in November 2022. At minimum, as we observed in our order denying the DOE's stay motion, the DOE knew by February 2023 that the Post-Class Applicants totaled over 205,000 people. Yet the agency did not object to any aspect of this order until its first Rule 60(b) motion approximately three years later.

3

Thus, the record demonstrates that the DOE understood the implications of agreeing to the Settlement.  *See id.* at 385 ("Ordinarily . . . modification should not be granted where a party relies upon events that actually were anticipated at the time it entered into a decree.").[2]

*Second*, the DOE argues that another "changed circumstance" warranting modification of the Settlement was the district court's order to the DOE to provide full discharges of consolidated loans for Post-Class Applicants whose applications had not been adjudicated by the relevant deadline.  When processing relief for class members, the DOE "encountered difficulties in circumstances where class members had consolidated eligible and ineligible loans together into a single consolidated loan."  Thus, on December 12, 2024, the district court ordered the DOE to provide full discharges of the consolidated loans for Post-Class Applicants whose applications the DOE failed to adjudicate by the relevant deadlines—a methodology the DOE had already used for certain other classes of applicants.  While the DOE contends that this order constituted a "changed circumstance," it presents no evidence that the issue of consolidated loans was not known at the time

---

[2] The DOE also argues that while it could have sought modification of the Settlement due to the size of the Post-Class Applicants "immediately," it cannot be faulted for "initially seeking to acquire from Congress the additional resources necessary to meet the settlement deadlines."  But this argument does not explain why the DOE repeatedly reassured the district court that it was aware of the deadlines and did not provide any indication before November 2025 that it would have any trouble meeting them.

26-1136

it agreed to the Settlement. "If it is clear that a party anticipated changing conditions that would make performance of the decree more onerous but nevertheless agreed to the decree, that party would have to satisfy a heavy burden to convince a court that it . . . should be relieved of the undertaking under Rule 60(b)." *Rufo*, 502 U.S. at 385.

Accordingly, the district court did not abuse its considerable discretion in concluding that the DOE failed to demonstrate "changed circumstances" that warrant modification of the Settlement that the parties bargained for over three years ago. *See SEC v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001) ("We may not reverse a district court's exercise of its discretion unless we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors.").[3]

2.      The DOE argues that the Post-Class Applicants are not members of the plaintiff class, and that the district court erred under *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), by treating "non-parties' interests [as] . . . on par with parties' interests" for the purposes of equitable balancing under Rule 60(b)(5). In its order granting final settlement approval, the district court rejected the argument that

---

[3] The DOE does not "specifically and distinctly" challenge the district court's denial of its motion insofar as the DOE sought relief under Rule 60(b)(6). Thus, this argument is waived. *Clark v. Time Warner Cable*, 523 F.3d 1110, 1116 (9th Cir. 2008) (citation omitted).

Post-Class Applicants are not class members, explaining that "the class certification order set no cut-off date for membership, so the class definition as recited in [the class certification order] clearly encompasses all of these borrowers."[4]  The DOE argues, however, that the Post-Class Applicants are not part of the class because the Settlement states that the "[c]lass is closed as of the Execution Date" and defines a Post-Class Applicant as an individual who submits a borrower defense application "after the Execution Date (*i.e.*, the date the class closes), but before the Final Approval date."

We need not resolve the question of whether the Post-Class Applicants are members of the class because it does not change the outcome of our review of the district court's balancing of the equities under Rule 60(b)(5).  *CASA* considered "universal injunctions" that prevented the government from enforcing its policies "against *anyone*," 606 U.S. at 837, while here, the DOE voluntarily undertook the obligations set forth in the Settlement, which expressly covered Post-Class Applicants.  *See Horne*, 557 U.S. at 453 (The Rule 60(b)(5) inquiry "takes the original judgment as a given and asks only whether 'a significant change either in

---

[4] The district court certified the following class:

> [A]ll people who borrowed a Direct Loan or FFEL loan to pay for a program of higher education, who have asserted a borrower defense to repayment to the [DOE], whose borrower defense has not been granted or denied on the merits, and who is not a class member in *Calvillo Manriquez v. DeVos*, No. 3:17-cv-7210 (N.D. Cal.).

factual conditions or in law' renders continued enforcement of the judgment

'detrimental to the public interest.'") (quoting *Rufo*, 502 U.S., at 384).  Thus, *CASA*

does not alter our analysis.

    **AFFIRMED.**[5]

---

[5] Given our holding that the district court did not abuse its discretion in denying the DOE's Rule 60(b) motion, we need not address Plaintiffs' argument that the Post-Class Applicants have a "vested right" to relief now that the relevant deadlines in the Settlement have passed.